IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 12-cr-00099-CMA

UNITED STATES OF AMERICA,

 Plaintiff,

v.

ATANASIO ARECHIGA-MENDOZA,

 Defendant.

---

**ORDER DENYING MOTION FOR NEW TRIAL**

---

  This matter is before the Court on Defendant Atanasio Arechiga-Mendoza's Motion for New Trial (Doc. # 101). For the following reasons, Defendant's Motion is denied.

### I. BACKGROUND

  Defendant was indicted on March 1, 2012 on three counts: alien in possession of a firearm under 18 U.S.C. § 922(g)(5), possession of an unregistered firearm under 26 U.S.C. § 5861, and the possession of a controlled substance with the intent to distribute under 21 U.S.C. § 841(a)(1). After a four-day jury trial that commenced on October 9, 2012, Defendant was convicted by the jury on all counts. (Doc. # 96.)

  Prior to trial, Defendant filed a motion to compel disclosure of information regarding a confidential informant ("CI"). (Doc. # 73.) The Court heard argument on this motion at the Final Trial Preparation Conference on October 5, 2012. At the

hearing, Defendant informed the Court that he knew the identity of the CI, and that the CI was under subpoena to testify at trial. Defendant asserted that the requested information was related to his entrapment defense, as his theory of the case was that the CI was a government agent. The Court denied the motion due to the Government's legitimate reasons for not disclosing the information and the lack of evidence that the CI was a government agent.

At trial, Defendant called the CI and conducted a full examination. During her testimony, the CI testified that she was a neighbor of Defendant and that she had introduced Defendant to an undercover narcotics officer. The CI further testified that she had not been paid for her testimony.[1] She testified that the reason she reported Defendant was because her yard was strewn with bullets, and the "only people that could have brought them there were [Defendant] and the people that were going into his

---

[1] The CI's testimony concerning whether law enforcement promised to help her son-in-law with pending criminal charges was somewhat ambiguous. On direct examination, the CI testified as follows:

> Q: Did they offer to help Julio [her son-in-law] if you helped them?
> A: By that time, Julio was already detained. They just wanted to know whether Mr. Arechiga sold drugs, as well.
> Q: But, if you helped them get information on Mr. Arechiga, would the officers help Julio with his criminal charges?
> A: Well, yes. But my son-in-law was going to be deported, and, actually, he was deported. What happened is that in my yard around my house, there were lots of bullets all around the outside of my house, and this was the case even after they took my son-in-law away. There were bullets all over.

(Day 3 of Trial, 9:52-9:53 a.m.)

house." (Day 3 of Trial, 10:01 a.m.) The CI had no further participation in the narcotics transaction that gave rise to one of the charges in this case.[2]

At trial, Defendant requested and received a jury instruction on entrapment. However, the Court refused to instruct the jury that the CI was an agent of the law enforcement for purposes of this case. (Day 3 of Trial, 12:04 p.m.) The Court denied the inclusion of this instruction because the Court found that Defendant had not made a sufficient showing that the CI was in fact a government agent.

The sole issue raised in the instant motion is whether Defendant was denied due process of law under *Brady v. Marlyand*, 373 U.S. 83 (1963) and its progeny because the Court denied Defendant's motions to compel disclosure of the CI file.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "A motion for a new trial is not regarded with favor and is only [granted] with great caution." *United States v. Herrera*, 481 F.3d 1266, 1269-70 (10th Cir. 2007) (internal quotation omitted).

The Court may grant a motion for a new trial on any circumstance that might have resulted in the miscarriage of justice, including trial errors. *United States v. Ramos-Carrillo*, No. 09-cr-00056, 2012 WL 71755, at *2 (D. Colo. Jan. 10, 2012)

---

[2] Although Defendant requests a new trial on all of the charges, the narcotics charge was the only charge in the Indictment in which the CI was even tangentially involved. Thus, Defendant provides no basis for a new trial on the other two counts charged in the Indictment.

(unpublished).  However, "a litigant is entitled to a fair trial but not a perfect one, for there are no perfect trials."  *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 553 (1984).  Thus, an "alleged error by the trial court constitutes grounds for granting a new trial only where the trial court concludes that, absent the alleged error, a jury would likely have reached a contrary result."  *Richins v. Deere & Co.*, 231 F.R.D. 623, 625 (D.N.M. 2004).

### III.  ANALYSIS

"A defendant who seeks a new trial based on an alleged *Brady* violation must show that (1) the prosecution suppressed evidence, (2) the evidence was favorable to the defendant, and (3) the evidence was material."  *United States v. Torres*, 568 F.3d 1277, 1281 (10th Cir. 2009).  The essence of the *Brady* rule is the proposition that nondisclosure of material exculpatory evidence violates a defendant's due process right to a fair trial."  *Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 823 (10th Cir. 1995).  However, *Brady* does "not require the prosecution to divulge every possible shred of evidence that could conceivably benefit the defendant."  *Id.*

In this case, the Court determined prior to trial that Defendant was not entitled to discovery of the CI file because the Government had no plans to name the CI as a witness (indeed, the Government did not call the CI), and because of the CI's minimal role of simply introducing the Defendant to the undercover officer.

Due to the strong public interest in furthering effective law enforcement, the Supreme Court has recognized that the government enjoys a privilege to withhold from

disclosure the identity of persons who furnish law enforcement officers with information regarding criminal acts. *United States v. Mendoza-Salgado*, 964 F.2d 993, 1000 (10th Cir. 1992) (citing *Roviaro v. United States*, 353 U.S. 53, 59 (1957)). The Tenth Circuit has instructed that "[o]nly under circumstances in which nondisclosure would deprive the defendant of his due process right to a fundamentally fair trial is disclosure constitutionally mandated." *Gaines v. Hess*, 662 F.2d 1364, 1368 (10th Cir. 1981). This governmental privilege against disclosure is not eradicated when, as here, the defendant learns the identity of the CI. *United States v. Smith*, 780 F.2d 1102, 1108 (4th Cir. 1985); *United States v. Ridley*, 814 F. Supp. 992, 997 (D. Kan. 1993).

The Tenth Circuit has repeatedly held that the disclosure of a CI's identity is not required "where the informer did not participate in the illegal transaction." *Mendoza-Salgado*, 964 F.2d at 1001; *United States v. Holmes*, 311 F. App'x 156, 162 (10th Cir. 2009) (unpublished); *United States v. Reardon*, 787 F.2d 512, 517 (10th Cir. 1986) ("Disclosure of an informant is not required . . . where the informant did not participate in the transaction in question."). Given the undisputed fact that the CI did not participate in the narcotics transaction, and the Government's legitimate reasons for not disclosing the CI file as articulated at the Final Trial Preparation Conference, the Court did not commit error by denying Defendant's motions to compel.[3]

---

[3] To the extent that Defendant contends that the Court erred by not giving a jury instruction that the CI was a government agent, the Court notes that "an informant working for law enforcement authorities is not necessarily an agent or instrument of the government." *Valdez v. N.M.*, 109 F. App'x 257, 260 (10th Cir. 2004) (unpublished). Here, Defendant questioned the CI at length and adduced no testimony suggesting that the CI was an agent of the government; rather, the testimony was that the CI was merely a concerned neighbor who grew tired of finding bullets in her yard.

Finally, the Court notes that even if it was error to deny Defendant's motion to compel, any such error would be subject to harmless error analysis. *See United States v. El-Mezain*, 664 F.3d 467, 525-26 (5th Cir. 2011). Given the overwhelming evidence presented by the Government in this case, the Court finds that any discovery-related errors would be harmless.

## IV. **CONCLUSION**

Accordingly, it is ORDERED that Defendant's Motion for New Trial (Doc. # 101) is DENIED.

DATED: November   27  , 2012

BY THE COURT:

*[signature: Christine M. Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge