**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 12-cr-00099-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ATANASIO ARECHIGA-MENDOZA,
a/k/a: Manuel Sarate, Aden Aregin Magana,
Ignacio Mendoza Arrechiga, Uriel Arechiga,

    Defendant.

_____

**ORDER VACATING CONVICTION**

_____

This matter is before the Court on *United States v. Arechiga-Mendoza*, No. 13-1082, 2014 WL 1876244 (10th Cir. May 12, 2014), in which the Tenth Circuit remanded the case to this Court with instructions to conduct an in camera review of information pertaining to a confidential informant.

### I. **BACKGROUND**[1]

Atanasio Arechiga–Mendoza (Arechiga) was an illegal alien living in Colorado Springs, Colorado. Unbeknownst to Arechiga, his next-door neighbor, Veronica MunozVilla (Munoz), was a confidential informant (CI) for the police. On January 4, 2012, Detective Rhonda Yohn received a phone call from Munoz. Munoz informed Detective Rhonda Yohn received a phone call from Munoz. Munoz informed Detective

---

[1] The following facts are taken from *United States v. Arechiga-Mendoza*, No. 13-1082, 2014 WL 1876244 (10th Cir. May 12, 2014).

Yohn that Arechiga was selling methamphetamine.  Detective Yohn instructed Munoz to tell Arechiga that Detective Yohn, as her undercover alias, was interested in buying methamphetamine.  Munoz complied and arranged a phone conversation between Detective Yohn and Arechiga.  The next day, on January 5, Detective Yohn met with Arechiga, purchasing in excess of five grams of methamphetamine from him.  That evening, Detective Yohn procured a search warrant for Arechiga's home.  On January 6, the police executed the warrant and recovered four firearms, including two short-barreled ("sawed off") shotguns, from Arechiga's home.  For all of this, Arechiga was arrested.  Arechiga would later testify that he was only storing the shotguns for their owner, Richard, and that Arechiga expected some men to pick up the shotguns and take them to Mexico.

A grand jury returned a three-count indictment charging Arechiga with being an alien in possession of a firearm, in violation of 18 U .S.C. §§ 922(g)(5) and 924(a)(2) (Count 1), possession of an unregistered short-barreled shotgun, in violation of 26 U.S.C. §§ 5861(d) and 5871 (Count 2), and possession with intent to distribute methamphetamine in excess of five grams, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and 851 (Count 3).  The jury convicted Arechiga on all three counts.

Before trial, Arechiga sought disclosure of information about Munoz.  Arechiga explained that he knew that Munoz was the CI who had worked with Detective Yohn, and that he intended to call Munoz as a witness.  Specifically, Arechiga would argue that Munoz, acting as an agent of the government, entrapped him.  Arechiga requested, therefore, that the government disclose information concerning, among other things,

Munoz's criminal record and "[a]ll information concerning promises of leniency, consideration or compensation given to the witness or which may be used to impeach the credibility of the witness." According to Arechiga, any incentives Munoz had to produce results as a CI would be relevant to his entrapment defense.

On remand, the Tenth Circuit asks this Court "review *in camera* the requested discovery . . . and conduct the *Roviaro* [*v. United States,* 353 U.S. 53 (1957)] balancing test to determine whether disclosure was required. If, after that review, the district court determines that disclosure was required, then the conviction on the drug charge should be vacated and a new trial held." *Arechiga-Mendoza*, 2014 WL 1876244, at *4.

## II. LAW AND ANALYSIS

In *Roviaro,* the Supreme Court explained that

> [w]hat is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.
>
> The scope of the privilege is limited by its underlying purpose. Thus, where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged. Likewise, once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable.

353 U.S. at 59-60 (citations omitted) (footnotes omitted). "The court must 'balance' the public interest in protecting informants and the defendant's right to mount a defense." *United States v. Cruz,* 680 F.3d 1261, 1262 (10th Cir. 2012). "Resolving these interests

turns on the particular circumstances of each case, like the crime charged, the possible defenses, and the possible significance of the informer's testimony." *Id.* (alteration omitted) (quoting *Roviaro,* 353 U.S. at 62, 77) (internal quotation marks omitted).

Having conducted an *in camera* review, the Court determines that given the particular facts of this case, Arechiga's right to mount a defense outweighs the public interest in protecting informants.  *See id.*  As the Tenth Circuit observed, "because Arechiga knew Munoz's identity, that she was a CI, and where she lived, the government could not base its assertion of privilege under *Roviaro* on a need to keep this information confidential."  *Arechiga-Mendoza*, 2014 WL 1876244, at *3.  Upon inspection, the information shows that Munoz was provided with "consideration" as compensation for providing information to law enforcement.  Because Arechiga's defense is entrapment, evidence of Munoz's compensation is relevant to resolving the dispute between Arechiga and Munoz's testimony regarding the circumstances which lead to Arechiga sell methamphetamine to Detective Yohn.  *See id.* at *4.  Therefore, this Court should have ordered disclosure of the information pertaining to Munoz that Arechiga requested.

### III. CONCLUSION

Accordingly, it is ORDERED that Arechiga's conviction for possession with intent to distribute methamphetamine in excess of five grams, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and 851 (Count 3) is VACATED.  It is

FURTHER ORDERED that the parties shall confer and contact Chambers *via* conference call (303) 335-2174 by **Friday, August 15, 2014** to set this matter for a status conference.[2]

DATED: August 13, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[2] Following disposition of Count 3, the Court shall, consistent with the Tenth Circuit's order, resentence Arechiga on his firearm convictions. *See Arechiga-Mendoza*, 2014 WL 1876244, at *5 (vacating both firearm sentences and instructing that "[o]n remand, the district court will have the opportunity to determine in the first instance whether there is support for the application of U.S.S.G. § 2K2.1(b)(5).")